IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ORLANDO CORDIA HALL, | ) |
| | ) Civil Case No. 4:19-CV-258-Y |
| Movant, | ) (Criminal Case No. 4:94-CR-121-Y) |
| | ) |
| v. | ) **CAPITAL CASE** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**OPPOSED MOTION TO HOLD CASE IN ABEYANCE PENDING AUTHORIZATION
FROM THE COURT OF APPEALS, OR, IN THE ALTERNATIVE, UNOPPOSED
MOTION TO TRANSFER SUCCESSIVE § 2255 MOTION TO THE COURT OF
APPEALS, AND SUPPORTING BRIEF**

Orlando Cordia Hall, through his undersigned counsel, moves this Court to hold this case

in abeyance pending the Court of Appeals' decision authorizing this Court to conduct further

proceedings on his successive § 2255 motion, or, in the alternative, to transfer his successive

§ 2255 motion to the Court of Appeals. The government opposes the motion to hold the case in

abeyance, but does not oppose the motion in the alternative to transfer the case to the United

States Court of Appeals for the Fifth Circuit. In support of this request, Mr. Hall states the

following:

On October 31, 1995, a jury convicted Mr. Hall of one count of kidnapping in which a

death occurred (Count 1), conspiracy to commit kidnapping (Count 2), traveling in interstate

commerce to promote possession of marijuana with intent to distribute (Count 3), and using and

carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.

§ 924(c) (Count 6). The indictment specifically charged Count 6 as the use and carry of

"firearms, during and in relation to a crime of violence, namely kidnapping, in violation of

Title 18, United States Code, Section 1201(a)(1) and conspiracy to commit kidnapping, in

violation [of] Title 18, United States Code, Section 1201(c)." Superseding Indictment, Dkt. 15. Mr. Hall was sentenced to death on Count 1, life in prison on Count 2, and 60 months in prison for both Counts 3 and 6. *See* Dkt. 593.

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally void for vagueness. *Johnson v. United States*, 135 S. Ct. 2551 (2015). That clause, the Court held, cannot constitutionally define a "crime of violence" for purposes of the ACCA's sentence-enhancing provisions. *See id.* at 2557. On April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States,* 136 S. Ct. 1257, 1265 (2016).

Thereafter, in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court considered whether the similarly-worded 18 U.S.C. § 16(b) was unconstitutionally vague in defining "crime of violence" to include "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." It answered that question in the affirmative, concluding that the provision suffered from the constitutional flaw *Johnson* had identified in the ACCA. *See Dimaya*, 138 S. Ct. at 1213. The Fifth Circuit subsequently confirmed that since the language invalidated in *Dimaya* was essentially indistinguishable from the language in § 924(c)(3)(B), the residual clause of § 924(c)(3) likewise could not stand. *United States v. Davis,* 903 F.3d 483 (5th Cir. 2018), *cert. granted,* 139 S.Ct. 782 (2019).

As detailed more fully in Mr. Hall's successive § 2255 motion, filed contemporaneously herewith, *Johnson*, *Welch*, *Dimaya*, and *Davis* have rendered Mr. Hall's § 924(c) conviction invalid. Therefore, Mr. Hall is entitled to relief under 28 U.S.C. § 2255(a) because his § 924(c)

conviction: (1) violates his right to due process and the Eighth Amendment; (2) violates the laws of the United States and results in a miscarriage of justice; and (3) was entered in excess of this Court's jurisdiction.  His motion is timely, because it is filed within one year after the Supreme Court decided *Dimaya*.  *See* 28 U.S.C. § 2255(f)(3).  Further, Mr. Hall is entitled to relief under 28 U.S.C. § 2255(h)(2) because *Dimaya* established a "new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).[1]

As noted *supra*, the Supreme Court recently agreed to review the Fifth Circuit's judgment in *Davis*.  *See Davis*, 139 S. Ct. 782.  While Mr. Hall is likely to have a claim under the Supreme Court's ultimate decision in *Davis*, in an abundance of caution, Mr. Hall has sought authorization for a second § 2255 proceeding from the Fifth Circuit now due to the approaching one-year anniversary of the Supreme Court's decision in *Dimaya*. Should a court conclude in the future that *Dimaya* gave rise to Mr. Hall's claim for relief, he could be barred from seeking that relief if he did not at least seek leave to file a new § 2255 application within a year of *Dimaya* being announced. Accordingly, Mr. Hall is now renewing his 2016 request for leave to pursue a second § 2255 application in light of *Johnson* and *Welch*, even though the ultimate fate of his claim may turn on the Supreme Court's forthcoming decision in *Davis*.

---

[1] While the Supreme Court did not address retroactivity in *Dimaya*, it characterized the outcome in *Dimaya* as logically compelled by *Johnson*. *See Dimaya*, 138 S. Ct. at 1213 ("*Johnson* is a straightforward decision, with equally straightforward application here"). And *Johnson* itself is fully retroactive. *See Welch, supra; see also Dimaya*, 138 S. Ct. at 1210 (*Johnson* controls the analysis of similarly worded provisions in other statutes besides 18 U.S.C. § 924(e)). That chain of reasoning is sufficient to make Mr. Hall's *Johnson* claim cognizable in a successive motion under § 2255. It would be unreasonable to deny retroactive effect to an outcome that results from a "straightforward" application of a decision that is itself retroactive, and no published decision of the Fifth Circuit has taken that view. *But see Pisciotta v. Harmon*, 748 F. App'x. 634 (5th Cir. 2019) (per curiam) ("*Dimaya* did not address whether its holding might apply retroactively on collateral review of a criminal conviction . . . .").

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016).  This includes the "authority to issue stays" in habeas actions. *Ryan v. Gonzales*, 568 U.S. 57, 73 (2013).  Mr. Hall asks this Court to hold his accompanying Motion to Vacate in abeyance pending the Fifth Circuit's authorization to proceed, and to deem it timely filed when that authorization is given.  The Western District of Texas previously provided the temporary relief requested here to a similarly-situated federal prisoner and this Court afforded the same relief requested here to Mr. Hall previously when he filed his second and successive motion based on *Johnson* in 2016.  *See United States v. Fields*, No. 6:01-cr-00164-LY (W.D. Tex. May 19, 2016) ("Movant's 2255 motion is held in abeyance pending the Fifth Circuit's authorization to file a successive motion"); *United States v. Hall*, No. 4:16-cv-00391-Y, Dkt. Entry 4 (N.D. Tex. May 27, 2016) ("Hall's § 2255 motion is held in abeyance pending the Court of Appeals' ruling on his application for authorization to file a successive motion.").

Alternatively, if the Court chooses not to hold this case in abeyance pending the Court of Appeals' decision on Mr. Hall's Motion for Authorization, Mr. Hall moves the Court to transfer this successive § 2255 motion to the Court of Appeals, such that it will be considered timely filed.  *See In re Wilson*, 442 F.3d 872, 874 n.3 (5th Cir. 2006) ("Had the district court transferred the [successive federal habeas] application to this court, rather than dismissing it as unauthorized, the application would have been timely, as the date of filing for limitations purposes would have related back to the date of the initial filing in the district court . . . . See 28 U.S.C. § 1631 (permitting district court to transfer unauthorized successive applications for habeas corpus to court of appeals if 'in the interest of justice,' and providing for relation back)").  The government has stated that it does not oppose transfer.

Date: March 28, 2019

Respectfully Submitted,


/s/_Kelley Conaty___
Kelley Conaty
SIDLEY AUSTIN LLP
Texas Bar No. 24040716
2021 McKinney Ave #2000
Dallas, TX 75201
Tel.: (214) 981-3300
Fax: (214) 3400
kconaty@sidley.com

Robert N. Hochman *(Pro Hac Vice to be submitted)*
Illinois Bar No. 6244222
Benjamin Gillig *(Pro Hac Vice to be submitted)*
Illinois Bar No. 6326947
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel.: 312-853-7000
Fax: (312) 853-7036
rhochman@sidley.com
bgillig@sidley.com

Robert C. Owen
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611
Tel.: (312) 503-0135
Fax: (312) 503-8977
robert.owen@law.northwestern.edu

Marcia A. Widder
Georgia Bar No. 643407
303 Elizabeth Street, NE
Atlanta, GA 30307
Tel.: 404-222-9202
marcy.widder@garesource.org

5

**CERTIFICATE REGARDING EFFORTS TO CONFERENCE MOTION**

On March 25, 2019, counsel for Mr. Hall contacted Assistant United States Attorneys Wes Hendrix and Timothy Funnell concerning the foregoing Motion.  On March 26, 2019, after an email exchange, counsel for Mr. Hall and Mr. Hendrix conferred via telephone regarding the foregoing Motion.  Mr. Hendrix stated that the government opposed holding the Motion to Vacate in abeyance, but would not oppose transfer to the United States Court of Appeals.

Respectfully Submitted,

/s/  Kelley Conaty

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 28th day of March, 2019, a copy of the foregoing Opposed Motion to Hold Case in Abeyance Pending Authorization From The Fifth Circuit, Or, In The Alternative, Unopposed Motion to Transfer Successive § 2255 Motion to the Court of Appeals, and Supporting Brief was served via the CM/ECF electronic filing system. I further certify that on the same date, the foregoing Motion was served on the following by electronic mail:

> Wes Hendrix
> Assistant United States Attorney
> Chief, Appellate Division
> Wes.Hendrix@usdoj.gov

/s/ Kelley Conaty___
Kelley Conaty