IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ORLANDO CORDIA HALL,
           Movant,

v.

UNITED STATES OF AMERICA,
           Respondent.

No.    4:19-CV-258-Y
(4:94-CR-121-Y)

## RESPONSE TO HALL'S MOTION TO HOLD HIS UNAUTHORIZED, SUCCESSIVE 28 U.S.C. § 2255 IN ABEYANCE

This Court lacks jurisdiction over Hall's successive 28 U.S.C. § 2255 motion because he filed it without authorization from the United States Court of Appeals for the Fifth Circuit.  The Fifth Circuit has set out two paths for district courts that field unauthorized, successive Section 2255 motions: transfer the successive motion to the Fifth Circuit (where it will be treated as an application for successive authorization), or dismiss it.  There is no third path that would lead to the relief that Hall seeks here—to stay these proceedings and hold his motion in abeyance.

As for the two available paths, Hall has already filed an application for successive authorization.  Thus, there is no need to transfer this proceeding to the Circuit, which would treat this filing as a redundant authorization application.  This Court should take the remaining path and dismiss Hall's unauthorized Section 2255 motion for want of jurisdiction.  (*See* CV No. 1 at 4.)[1]

---

[1] "CV No. __" refers to the docket number of this Section 2255 action.

## STATEMENT OF THE CASE

Hall raped, kidnapped, and helped murder a teenage girl—he hit her in the head with a shovel and aided his coconspirator, Webster, who poured gasoline on her and buried her alive. *See United States v. Hall*, 152 F.3d 381, 389-390 (5th Cir. 1998). Hall was sentenced to death in 1996, and his direct appeal became final in 1999. *See United States v. Hall*, 455 F.3d 508, 512 (5th Cir. 2006). This Court denied Hall's first Section 2255 motion with prejudice, and both this Court and the Fifth Circuit rejected his request for a certificate of appealability. *See id.* Thereafter, Hall unsuccessfully sought permission to file a successive Section 2255 motion. *See generally*, *Hall v. United States*, 4:16-CV-391-Y, Dkt. No. 9 (N.D. Tex. June 23, 2016) (docketing the Fifth Circuit's denial of Hall's 28 U.S.C. § 2244 application) & *Hall v. United States*, No. 16-10670 (5th Cir. June 20, 2016) (denying Hall's Section 2244 application).

Hall filed this Section 2255 motion contemporaneously with a 2244 application in the Fifth Circuit, asking that court to grant him the necessary authorization to file this successive motion. (*See* CV Nos. 1, 4 at 4); *see also Hall v. United States*, No. 19-10345 (5th Cir. 2019). The Fifth Circuit stayed his application pending a decision from the United States Supreme Court. *See Hall*, No. 19-10345; (*see also* CV No. 7 (attaching the Fifth Circuit's stay order).)

Hall admits that he filed this Section 2255 motion in this Court without first obtaining the required authorization. (*See* CV No. 4 at 4.) Nevertheless, Hall urges this Court to stay his proceedings until the Supreme Court rules on a case that might touch on

his ability to launch another collateral attack against his death sentence and the Fifth

Circuit authorizes him to do so.  (*Id.*)  This response follows.

## <u>ARGUMENT AND AUTHORITIES</u>

### <u>Standards that Govern Successive Section 2255 Motions</u>

Before a movant can file a successive Section 2255 motion in the district court,

"28 U.S.C. § 2244 provides that [he] must first obtain authorization from the court of

appeals."  *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).  "The lack of such

authorization is a jurisdictional bar to the district court's consideration."  *Id.*  A district

court has two options when it receives an unauthorized, successive Section 2255 motion:

(1) the district court can dismiss the motion; or (2) "[a]lternatively, a district court may

transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon

a finding that the petition is successive."  *Id.*; *In re Hartzog*, 444 F. App'x 63, 65 (5th Cir.

2011) (noting that a district court "may either dismiss the motion for lack of jurisdiction,

or it may transfer the motion" to the Fifth Circuit for authorization); *see also Miller v.*

*United States*, Nos. 3:16-CV-1857-G-BN, 2016 WL 4536595, at *3 (N.D. Tex. Aug. 9,

2016) ("Once it is decided that the application is indeed successive, the Court has only

two options—dismiss for lack of jurisdiction or transfer under 28 U.S.C. § 1631.  There

is no other option."), *rec. adopted* 2016 WL 4525039 (N.D. Tex. Aug. 30, 2016).

### <u>Discussion</u>

Because Hall filed this Section 2255 motion without first obtaining authorization

from the Fifth Circuit, this Court has no jurisdiction over his motion.  Thus, this Court

can dismiss the motion or transfer it.  *Fulton*, 780 F.3d at 686.  Because Hall has pending

an application for authorization in the Fifth Circuit, it makes little sense to transfer his motion to that court, which would simply treat Hall's motion as a redundant Section 2244 application. Therefore, this Court should dismiss Hall's unauthorized motion for lack of jurisdiction. *See, e.g.*, *Miller*, 2016 WL 4536595, at *3.

Hall's push for this Court to take a third path—to stay his case until the Fifth Circuit rules on his request for successive authorization—finds no support in any decision from the Fifth Circuit or the Supreme Court. He argues that district courts have authority to stay habeas cases. (*Cf.* CV No. 4 at 4.) True enough, so long as the district court has jurisdiction over the habeas case that it stays. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). For example, the Supreme Court has recognized that "in limited circumstances" a district court may stay a first 28 U.S.C. § 2254 petition while the prisoner returns to state court to exhaust some of his unexhausted claims. *Id.* at 276-77. But a district court has no discretion to stay a proceeding over which it has no jurisdiction. *Miller*, 2016 WL 4536595 at *4 (distinguishing a *Rhines*-stay from staying an unauthorized, successive Section 2255 motion because "dismissal for failure to exhaust is prudential, not jurisdictional"). Because this Court has no jurisdiction over Hall's unauthorized, successive Section 2255 motion, it should dismiss the motion.

## CONCLUSION

Although this Court could transfer Hall's motion under *Fulton*, it need not do so because Hall has already filed an application for successive authorization. Thus, this Court should dismiss Hall's Section 2255 motion for want of jurisdiction.

4

Respectfully submitted,

ERIN NEALY COX
United States Attorney

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney
Colorado Bar No. 43838
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
jonathan.bradshaw@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on June 18, 2019, I filed this response with the clerk of court for the

U.S. District Court, Northern District of Texas through the electronic filing system which

will serve counsel for Hall, Kelley Conaty.

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney