IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ORLANDO CORDIA HALL, | ) | |
| *Movant*, | ) | No. 4:19-CV-258-Y |
| | ) | (Crim. No. 4:94-CR-121-Y) |
| | ) | |
| v. | ) | **CAPITAL CASE** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| *Respondent*. | ) | |
| | ) | |

**REPLY TO GOVERNMENT'S RESPONSE
TO OPPOSED MOTION TO HOLD CASE IN ABEYANCE
OR, IN THE ALTERNATIVE,
UNOPPOSED MOTION TO TRANSFER TO THE COURT OF APPEALS (Dkt. 4)**

When Mr. Hall moved this Court to hold this case in abeyance or, in the alternative, transfer his application to the Court of Appeals ("Motion"), Dkt. 4, the Government agreed it would not oppose Mr. Hall's motion to transfer to the Court of Appeals. Mr. Hall reported that position to the Court and captioned his filing accordingly. *Id.* at 1 (caption describing motion to hold case in abeyance as "opposed," and motion to transfer as "unopposed"); *id*. at 6 (attributing the statement that "the government opposed holding the Motion to Vacate in abeyance, but would not oppose transfer to the United States Court of Appeals" to Assistant U.S. Attorney Wes Hendrix). The Motion has been pending for two and a half months, and the Government has never hinted that Mr. Hall inaccurately represented its position.

In its Response (Dkt. 13), the Government now changes its position. The Government urges the Court to dismiss Mr. Hall's application and fails to acknowledge its earlier representation that it would not oppose Mr. Hall's transfer request. *See id*. at 1 ("This Court should . . . dismiss Hall's . . . motion"); *id*. at 4 ("this Court should dismiss Hall's . . . motion"); *id*. (same, twice). The Government's sudden and unexplained reversal of its prior position is reason enough for the

Court to ignore its request for dismissal, and instead transfer Mr. Hall's application to the Fifth Circuit.

The Government also mistakenly asserts that "there is no need to transfer this proceeding to the Circuit," and that the Court of Appeals "would treat this filing as a redundant authorization application." Dkt. 13 at 1; *id.* at 3-4 (insisting that "it makes little sense to transfer [Mr. Hall's § 2255 application] to that court"). But there is an urgent and important reason to transfer his application to the Court of Appeals: the transfer would foreclose any future dispute on the timeliness of his application. *See* Motion, Dkt. 4 at 4 (citing *In re Wilson*, 442 F.3d 872, 874 n.3 (5th Cir. 2006)) ("Had the district court transferred the [successive federal habeas] application to this court, rather than dismissing it as unauthorized, the application would have been timely, as the date of filing for limitations purposes would have related back to the date of the initial filing in the district court . . . ."); *see also* 28 U.S.C. § 1631 (permitting transfer of unauthorized successive applications for habeas corpus to court of appeals if "in the interest of justice," and providing for relation back). It would be unfair to dismiss, rather than transfer, Mr. Hall's application because a dismissal could needlessly create a timeliness dispute.

Finally, this Court can grant the requested relief. Both this Court and the Western District of Texas have done so in the past. *See* Motion, Dkt. 4 at 4 (citing *United States v. Fields*, No. 6:01-cr-00164-LY (W.D. Tex. May 19, 2016) ("Movant's 2255 motion is held in abeyance pending the Fifth Circuit's authorization to file a successive motion"); *United States v. Hall,* No. 4:16-cv-00391-Y, Dkt. 4 (N.D. Tex. May 27, 2016) ("Hall's § 2255 motion is held in abeyance pending the Court of Appeals' ruling on his application for authorization to file a successive motion.")). The Government cites no authority to support its position that a court "exercises jurisdiction" when it holds a case in abeyance while awaiting a ruling from the Court of Appeals. By holding this case

in abeyance, this Court is merely acknowledging that it *may* exercise jurisdiction – a question that will be answered by the Fifth Circuit's forthcoming ruling.[1] *See generally Texas & Pac. Ry. v. Gulf, Colo. & Santa Fe Ry.*, 270 U.S. 266, 274 (1926) ("Every court of general jurisdiction has power to determine whether the conditions essential to its exercise exist.").

## CONCLUSION AND PRAYER FOR RELIEF

For all the reasons set forth above, Mr. Hall respectfully asks that this Court

a) hold this case in abeyance pending authorization from the Court of Appeals;

b) in the alternative, transfer his application to the Court of Appeals;

c) grant any other relief that may be necessary to preserve Mr. Hall's right to challenge his invalid conviction and sentence.

Respectfully Submitted,

/s/  **Kelley Conaty**
Kelley Conaty
**SIDLEY AUSTIN LLP**
Texas Bar No. 24040716
2021 McKinney Ave #2000
Dallas, TX 75201
Tel.: (214) 981-3300
Fax: (214) 981-3400
kconaty@sidley.com

Robert N. Hochman *(Pro Hac Vice)*
Benjamin Gillig *(Pro Hac Vice)*
One South Dearborn
Chicago, IL 60603
Phone: 312-853-7000
rhochman@sidley.com
bgillig@sidley.com

---

[1] The Court of Appeals has indicated that it will act on Mr. Hall's Motion for Authorization to File a Successive Motion Under 28 U.S.C. 2255 after "a final decision [issues from] the Supreme Court in *United States v. Davis*, Case No. 18-431." *In re Hall*, No. 19-10345 (5th Cir. Apr. 16, 2019).  A decision in *Davis* is expected within the next two weeks.

4

**ROBERT C. OWEN**
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611 312-503-0135 voice
312-503-8977 fax
robert.owen@law.northwestern.edu

**MARCIA A. WIDDER**
Louisiana Bar No. 23367
303 Elizabeth Street, NE
Atlanta, GA 30307
404-222-9202
marcy.widder@garesource.org

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 20th day of June, 2019, a copy of the foregoing Reply to the Government's Response to Motion to Hold in Abeyance, Etc. was served on counsel for Respondent via the CM/ECF electronic filing system.

/s/ *Benjamin Gillig*
Benjamin Gillig